UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN HALL, *et al.*, | CASE NO. 1: 11-cv-02047-LJO-BAM |
| Plaintiffs, | |
| vs. | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY** |
| MARGARET MIMS, *et al.*, | |
| Defendants. | |
| _____/ | |

**I.   INTRODUCTION**

By notice filed on March 22, 2012, Plaintiffs[1] filed a motion for leave to seek limited discovery from Defendants[2] prior to the Rule 26(f) conference. (Doc. 18.) Defendants filed an opposition on April 12, 2012. (Doc. 22.) Plaintiffs filed their Reply Brief on April 20, 2012. (Doc. 25.) The Court heard oral arguments on the matter on April 27, 2012. (Doc. 26.) Counsel Kelly Knapp appeared telephonically on behalf of the Plaintiffs. Counsel Michael Linden appeared on behalf of the Defendants. (Doc. 26.) Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the April 27, 2012 hearing, as well as the Court's file, the Court issues the following order.

---

[1] The named plaintiffs are Quentin Hall, Shawn Gonzales, Sharon Chavez, Robert Merryman, Dawn Singh, Carlton Fields and Brian Murphy, on behalf of themselves and all others similarly situated (collectively referred to as "Plaintiffs").

[2] The named defendants are Margaret Mims, Edward Moreno, George Laird, Ph.D., Pratap Narayen, M.D., Rick Hill, and Marilynn Weldon (collectively referred to as the "Defendants").

## II. PROCEDURAL AND FACTUAL BACKGROUND

**A.  Background**

On December 13, 2011, Plaintiffs filed a putative class action complaint against Defendants alleging claims under the Eighth and Fourteenth Amendments of the United States Constitution, predicated on Defendants' failure to maintain and implement adequate health care and violence prevention protocols. (Doc. 1.) Based on the procedural posture of this case, Defendants' response to Plaintiffs' Complaint was due on April 10, 2012. (Doc. 11-16.) On April 10, 2012, Defendants filed a motion to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. 20.)

As the Initial Scheduling Conference is currently set for June 19, 2012, Plaintiffs could ostensibly begin the discovery process on May 30, 2012.[3] (Doc. 19.)  By way of the instant Motion, Plaintiffs seek expedited discovery prior to this date to investigate potentially dangerous conditions at the Fresno County Jail ("Jail.") (Pl.'s Disc. Mot., 1: 9-10, Doc. 18.)

**B.  Plaintiff's Discovery Requests**

The discovery Plaintiffs seek on an expedited basis consist of thirteen interrogatories, eighteen requests for production of documents and tangible things, and two Rule 30(b)(6) deposition notices. (Declaration of Kelly Knapp, Attach. 1, Ex. 1-3, Doc. 18.) Plaintiffs' discovery requests seek to identify the scope of health services care provided at Fresno County Jail. Plaintiffs' discovery requests also seek information relating to prisoner violence, and the Jail's protocols in place for responding to and controlling prisoner violence. (Knapp Decl., Attach. 1, Ex. 1-3, Doc. 18.)

Specifically, Plaintiffs' discovery requests seek the following categories of information: (1) the number of health care providers, officers, and emergency staff who work at the jail during each shift; (2) information relating to the frequency of violent incidents, including the locations of where these violent incidents take place; (3) all electronic databases containing information relating to health care and violent incidents; (4) documents related to the Jail's various budgets, e.g., health care

---

[3] Rule 26(f) requires the parties to meet and confer 21 days before the Initial Scheduling Conference. Once the parties have meet and conferred pursuant to Rule 26(f), the parties may conduct discovery.

and construction; (5) documents relating the "adequacy" of emergency response services, health care services, and classification procedures for safely housing prisoners; and (6) reports by external agencies (audits, investigations, evaluations, etc.). (Knapp. Decl., Attach. 1, Ex. 1-3, Doc. 18.)

### III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(d), a party "may not seek discovery from any source" prior to the conference required by Rule 26(f). The parties' conference must take place at least 21 days before the Initial Case Management Conference. Fed. R. Civ. P. 26(d), (f). Courts within the Ninth Circuit generally use the "good cause" standard to determine whether to permit discovery prior to a Rule 26(f) conference. *See, e.g., Millennium TGA, Inc. v. Doe,* 2012 WL 968074 (E.D. Cal. 2012); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Court's have found the requisite good cause for expedited discovery in circumstances (1) involving the need to identify Doe defendants, *see Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999); *UMG Recordings, Inc. v. Doe*, No. C–08–03999 RMW, 2008 WL 4104207, at *1–3 (N.D. Cal. Sept.4, 2008); (2) regarding claims of infringement, *see Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); and (3) where a Plaintiff seeks a preliminary injunction or the case involves a challenge to personal jurisdiction. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); Fed .R. Civ. P. 26 Adv. Comm. Notes (1993 amendments to subdivision (d)) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction").

Plaintiffs argue that "[c]ourts have found 'good cause' for expedited discovery where prisoner health and safety are at stake," citing *Wride v. Fresno County,* 2011 WL 4954159 * 1 (E.D. Cal. 2011), *U.S. v. Erie County, N.Y.,* 724 F. Supp. 2d 357, 360-61 (E.D. N.Y. 2010), and *Belle v. Stapler,* 2006 WL 3792038 *1 (D. Ariz. 2006). Plaintiffs additionally argued that the "information Plaintiffs seek is 'central' to their case, and will help Plaintiffs evaluate 'the need for any further

1  injunctive relief,'" citing *Rose v. Abraham,* 2008 WL 3540542 at *3 (E.D. Cal. 2008)

2  Defendants respond that, due to the pending motion to dismiss, and the uncertain viability of
3  Plaintiffs' claims, the scope of this action, as well as the relevance of Plaintiffs' discovery requests,
4  is presently unknown. (Def.'s Op., 4, Doc. 22.) Accordingly, Defendants argued early discovery is
5  not warranted while a motion to dismiss is pending, citing *Jewell v. Francis,* 2011 WL 455845, *1
6  (S. D. Cal. 2011); and *Wagh v. Metris Direct, Inc.,* 363 F.3d 821, 829-30 (9th Cir. 2003). (Def.'s
7  Op., 4, Doc. 22.) Defendants also argue that Plaintiffs' requests are overly burdensome, as they
8  seek class information when no class has been certified. (Def.'s Op., 4-5, Doc. 22.) Lastly,
9  Defendants question the urgency of the information sought, arguing that expedited discovery would
10 fail to accomplish any legitimate purpose.[4] (Def.'s Op., 5, Doc. 22.)

11 Plaintiffs have not demonstrated the requisite good cause to compel expedited discovery.
12 Specifically, Plaintiffs have failed to demonstrate the information sought is needed on an expedited
13 basis. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002)
14 ("Good cause may be found where ***the need for expedited discovery***, in consideration of the
15 administration of justice, outweighs the prejudice to the responding party.") (emphasis added); *see*
16 *also*, *Wicklund v. Ada County,* 431 Fed. Appx. 614 (9th Cir. 2011) ("Wicklund provided no
17 reasonable explanation as to why expedited discovery was necessary to permit him to refute Ada
18 County's motion"). As an example in contrast, in *Semitool*, the Court permitted limited expedited
19 discovery on claims of infringement and unfair competition because the Plaintiff required such
20 information to seek a preliminary injunction. *Semitool,* 208 F.R.D. at 276-78.

21 The discovery sought by Plaintiffs on an expedited basis, i.e., information relating to the
22 adequacy of Defendants' health care and violence prevention protocols, are merits inquiries targeting
23 the crux of Plaintiffs' claims. While Plaintiffs' discovery requests may be relevant to prove their

---

[4] Defendants also offer an argument relating to the Court's standard of decision. Specifically, Defendants equate the "good cause" standard for permitting expedited discovery with the "good cause" standard applied to modifications of scheduling orders, requiring a showing of diligence in pursuing discovery and expeditious resolution of claims. (Def. Op. 3, Doc. 22.) The Court declines to adopt this "good cause" interpretation. While there is no Ninth Circuit precedent controlling the requisite showing of good cause required by Rule 26, legions of federal courts in California employ a good cause standard which looks to whether the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *See, e.g., Millennium TGA, Inc. v. Doe,* 2012 WL 968074 (E.D. Cal. 2012); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). The Court adopts this good cause application, and considers Plaintiffs' request accordingly.

4

claims, Plaintiffs have not demonstrated the requested information is needed on an expedited basis. During oral arguments at the April 27, 2012 hearing, Plaintiffs were unable to identify what action would, or could be taken on an emergency basis if early discovery was permitted. Indeed, Plaintiffs acknowledged the underlying motivation to request early discovery was Plaintiffs' desire to "move the case forward," and to combat Defendants' alleged "stall-tactics." The desire to move a case forward in a timely manner, however, does not constitute a "need for expedited discovery."

The cases cited by Plaintiffs do not stand for the proposition that "[c]ourts have found 'good cause' for expedited discovery where prisoner health and safety are at stake. (Pl.'s Mot., 7-8, Doc. 18.) In *Wride v. Fresno County,* 2011 WL 4954159 * 1 (E.D. Cal. 2011), the Court "opened early discovery for the limited purpose of identifying the Doe defendants." *Id.* at *1. Similarly, in *Rose v. Abraham,* 2008 WL 3540542 at *3 (E.D. Cal. 2008), the Court found that "the discovery sought by Plaintiff is central to Plaintiff's case and Plaintiff's recovery because information concerning the disbursements from the account would ***reveal the identity or potential defendants and of sources of recovery.***" *Id.* at *3 (Emphasis added). In *U.S. v. Erie County, N.Y.,* 09-cv-849S (W.D. N.Y., Mar. 6, 2010) (Decision and Order on Motion for Expedited discovery, Doc. 42.), the Court found good cause to order early, limited discovery into the prison's suicide prevention protocols. The Court, however, did so with the understanding that the "request is limited to only the discovery necessary for the justice department to determine whether it should seek a preliminary injunction to impose immediate remedial measures to decrease the number of preventable suicides." Lastly, in *Belle v. Stapler,* 2006 WL 3792038 *1 (D. Ariz. 2006), the Court provided no legal analysis or discussion for its decision to require the defendant to "compile [plaintiff's] medical record," but rather, made such an order by minute order. As such, *Belle* fails to provide any guidance on the appropriateness of compelling merits discovery at the pleading stage, absent emergent circumstances justifying a preliminary injunction.

Unlike other instances where early discovery was granted, a preliminary injunction currently is not at issue, and Plaintiffs have not expressed an intention to seek one. Similarly, Plaintiffs' discovery requests do not seek information relating to the identification of unknown defendants, nor do they revolve around a challenge to personal jurisdiction. Plaintiffs have not offered any authority,

nor has the Court found any, standing for the proposition a Court can or should compel early merits discovery absent the presence of emergency circumstances reasonably creating the need for a potential preliminary injunction. As Plaintiffs have failed to demonstrate the discovery is needed on an expedited basis - a threshold requirement for expedited discovery, Plaintiffs' request should be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Expedited Discovery.

IT IS SO ORDERED.

Dated:   **April 27, 2012**          /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE