1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
QUENTIN HALL, et al.,                                  CASE NO. CV F 11-2047-LJO-BAM
12
                            Plaintiffs,                 **ORDER ON DEFENDANT'S MOTION TO**
13         vs.                                          **DISMISS AMENDED COMPLAINT** (Doc. 20)

14  MARGARET MIMS, Sheriff, Fresno
    County, et al.,
15
                            Defendants.
16  _____/

17                                    **INTRODUCTION**

18         Plaintiffs[1] filed a putative class action complaint for injunctive and declaratory relief on behalf

19  of themselves and others similarly situated against County defendants,[2] alleging that the conditions of

20  the Fresno County jail violate the Eighth Amendment, Fourteenth Amendment, Americans with

21  Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act.  Plaintiffs' claims are based on

22  allegations that County defendants fail to provide adequate medical, mental health, and dental care to

23  inmates, fail to protect inmates with health issues from violence from other inmates, and discriminate

24  _____

25         [1]  Plaintiffs are Quentin Hall, Shawn Gonzales, Sharon Chavez, Robert Merryman, Dawn Singh, Carlton Fields, and
    Brian Murphy .

26         [2]Defendants are Margaret Mims, Fresno County Sheriff, Edward Moreno, M.D., Director of the Fresno County
    Department of Public Health, George Laird, Ph.D., Divison Manager of the Fresno County Department of Health Division
27  of Correctional Health, Pratap Narayen, M.D., Medical Director of the Fresno County Department of Health Division of
    Correctional Health, Rick Hill, Fresno County Sheriff's Office Captain of Detention, and Marilynn Weldon, Fresno County
28  Sheriff's Office Captain of Inmate Programs and Contracts.

1    against inmates with health issues.  County defendants moved to dismiss the first amended class action

2    complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have failed to state facts

3    to demonstrate that any of their rights under the Eighth Amendment, ADA or Rehabilitation Act have

4    been violated.  County defendants further argue that the FAC fails to state facts to support Plaintiffs'

5    position that the Constitutional violations were made pursuant to unconstitutional policies, practices, or

6    customs of the County.   In addressing each the areas of contention in the FAC, however, County

7    defendants ignore well-settled standards of Fed. R. Civ. P. 12(b)(6) by drawing negative inferences

8    against Plaintiffs, asserting arguments based on facts outside of the FAC, challenging the veracity of the

9    allegations, and appearing to hold Plaintiffs to a standard more stringent than the "short and plain

10   statement" required by Fed. R. Civ. P. 8.   Accordingly, and for the following reasons, this Court

11   DENIES County Defendants' motion to dismiss the FAC.

12                                              **BACKGROUND**

13                                          **Factual History**[3]

14            Plaintiffs seek declaratory and injunctive relief to remedy dangerous and unconstitutional

15   conditions in the Fresno County Adult Detention Facilities ("jail").  Plaintiffs are seven inmates at the

16   Fresno County jail.  They bring this action on behalf of themselves and all other pretrial and convicted

17   detainees in the jail.  Plaintiffs contend that they have been and continue to be seriously injured by

18   County defendants' systemic failure to: (1) provide minimally-adequate health care, including medical,

19   mental health, and dental care; (2) protect inmates from injury and violence from other inmates; and (3)

20   provide reasonable accommodations to inmates with disabilities.

21            Plaintiffs' 39-page FAC details each of Plaintiffs' allegations.  Plaintiffs set forth the specific

22   allegations as to each of their experiences at the Fresno County jail.  As to the class action claims,

23   Plaintiffs assert specific allegations to support each of the areas that it claims are deficient in the Fresno

24   County jail system.  Plaintiff further explains that its FAC was prepared after interviewing over 70

25   people and reviewing thoroughly a significant amount of County records.  While this Court shall not

26   recite all of the specific allegations, a summary of each sub-section of Plaintiffs' allegations is helpful.

27

28            [3] The background facts are derived from the complaint.  This Court accepts the factual allegations in the complaint
     as true for purposes of this motion.  *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Plaintiffs' inadequate health care allegations are based on the following:

1. **County defendants maintain insufficient health care staffing to provide adequate health care to prisoners**. Plaintiffs assert that defendants have a policy and practice of maintaining fewer health care positions than are necessary to treat the number of inmates in the jail adequately. Plaintiffs concede that cuts in staffing have been in the past few years in response to Fresno County budget cuts. Plaintiffs allege these cuts were made, however, despite hearing testimony that prisoner-patients would suffer serious harm or death from delayed access to care, delayed response time to emergencies, poor medication management practices, and entry-level providers practicing outside the scope of their licensure. Plaintiffs allege that after the staff was cut, these facts came true. Plaintiffs support this assertion with an example.

2. **The screening and intake process for serious illnesses, mental health conditions, and communicable diseases is inadequate.** Plaintiffs allege that County defendants have a policy and practice of failing to identify and treat the health care of newly arriving prisoners during the screening and intake process. Plaintiffs describe the intake process and the reasons they submit it is inadequate.

3. **The process for prisoners to request health care is inadequate.** The process for prisoners to request health care by filling out a "green slip" is detailed. Plaintiffs allege that County defendants fail to respond timely to these requests because there is no effective tracking and scheduling system for health care appointments. Plaintiffs further allege that there is no standardized protocol when prisoners should receive a a face-to-face appointment rather than a simple written response. Some examples are given of the alleged inadequacies of the green slip process.

4. **Prisoners suffer from unreasonably delayed access to health care.** Plaintiffs contend that if they are seen by health care providers at all, they are seen only after a substantial delay. Weeks or months can pass before they are evaluated by clinicians for medical, mental health, or dental symptoms. Plaintiffs give examples of prisoners who waited months to be seen for symptoms ranging from debilitating migraines to asthma and seizures to receipt of prescribed psychiatric medications.

5.    **Even when prisoners see health care providers, they do not receive adequate care.** Plaintiffs set forth reasons why they believe that the health care providers provide inmates with health care that falls below the required standard of care.  These reasons include a policy of treating patients without examining them, making medical decisions without any recent medical information about the inmate patient, and failure to provide complete examinations, including after significant illnesses have been identified or documented.  Plaintiffs also challenge the County defendants' alleged policy of failing to order diagnostic tests or referring patients to specialists when medically necessary.  Plaintiffs include multiple specific examples of how these policies allegedly harmed prisoners.

6.    **Substandard Mental Health Care.**  Plaintiffs allege that as a result of the County defendants' pattern and practice of failing to provide medically necessary psychotropic medications, prisoners with psychotic and mood disorders suffer from the following: (1) withdrawal symptoms when the medications they were prescribed before admission to the Jail are abruptly terminated; (2) recurrence of debilitating symptoms such as hallucinations and suicidality; and (3) in some cases, decompensation to the point of being found incompetent to stand trial and/or being sent to the State Hospital until they are stable enough to return to the Jail.  Plaintiffs further allege that the County defendants fail to screen or diagnose mental health problems.

7.    **Substandard Dental Care.**  Plaintiffs allege that the County defendants have a policy and practice of failing to provide medically necessary dental services.  Plaintiffs allege that the general policy for dental care is to extract teeth only.  Plaintiffs specify harm allegedly caused to specific inmates as a result of this policy.

8.    **Defendants fail to keep complete and adequate health care records.**  Plaintiffs allege that the County defendants have a policy and practice of failing to maintain adequate, accurate, and complete health care records.  For example, physicians and psychiatrists often change inmates' medications or diagnoses without documenting any explanations.   A few examples of how inmates have been harmed as a result to keep complete records are included in the FAC.

9.    **Defendants' failure to provide minimally adequate health care directly causes other Constitutionally harmful policies and practices.**  Plaintiffs identify the following as additional

4

harm to prisoners caused by the inadequate health care: (1) Because those with mental issues are not treated or diagnosed, they are unable to conform to Jail rules.  Rather than provide them with the medication they need, inmates with serious mental health conditions are placed in solitary confinement. (2) Similarly, force is used on prisoners with serious mental health issues that are not treated, diagnosed, or provided with medication. (3) There is inadequate suicide prevention. (4) There is substandard housing conditions. (5) There is inadequate pre-release planning.

Plaintiffs further allege that County defendants fail to protect prisoners from violence.  As to these allegations, Plaintiffs describe specific policies for each of the different jail facilities, including the main jail, the north jail, and the south annex.  Plaintiffs also explain how these policies have caused them harm.

Finally, Plaintiffs assert a claim for disability discrimination.  Plaintiffs allege that the County defendants have a policy and practice of failing to reasonably accommodate prisoners with disabilities, fail to provide notice of how to request reasonable accommodations for disabilities, and fail to provide prisoners with disabilities an opportunity to request accommodations and/or assistive devices.  Plaintiffs further allege that the County defendants fail to provide an effective grievance system, as required by the ADA.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.   A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.

2   Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks

3   for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S.

4   at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

5   'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting

6   *Twombly*, 550 U.S. at 557).

7          "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

8   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

9   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

10  *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing]

11  to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true."

12  *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions,

13  unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

14  *Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

15  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

16  plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

17  *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either

18  direct or inferential allegations respecting all the material elements necessary to sustain recovery under

19  some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*,

20  745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation

21  of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v.*

22  *Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

23                                          **DISCUSSION**

24  **I.      Eighth and Fourteen Amendment Claims**

25          Plaintiffs contend that the County defendants violate the Eighth and Fourteenth Amendments by

26  failing provide adequate health care to pre- and post-trial detainees in the jail. A "deliberate indifference

27  to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'

28  proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also*, *City of*

1   *Revere v. Mass Gen. Hosp.*, 463 U.S. 239, 244 (1983) (pretrial detainees are entitled to "rights...at least

2   as great as the Eighth Amendment protections available to a convicted prisoner."). Whereas the post-

3   trial detainees' rights are protected by the Eighth Amendment, the claims on behalf of pretrial detainees

4   are brought pursuant to the Fourteenth Amendment. *Id*.

5        To plead an Eighth Amendment cause of action sufficiently, Plaintiffs must include facts to

6   support both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 837 (1977). To

7   satisfy the objective component, Plaintiffs must plead facts to establish that they are "incarcerated under

8   conditions posing a substantial risk of serious harm." *Id*. To satisfy the subjective component, Plaintiffs

9   must allege sufficient facts to show the County defendants' "deliberate indifference." *Estelle*, 429 U.S.

10  at 104. Deliberate indifference occurs when a defendant knows of and disregards an excessive risk to

11  inmate health or safety. *Farmer*, 511 U.S. at 837. Where, as here, Plaintiffs seek only injunctive relief

12  to remedy the alleged deficiencies identified in the FAC, the determination of deliberate indifference is

13  "broader and more generalized," with the emphasis on the "combined acts or omissions" of the prison

14  officials. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

15       County defendants argue that Plaintiffs' Eighth Amendment claims are deficient, because they

16  have failed to plead facts to demonstrate that any prisoner has suffered a violation of his or her Eighth

17  Amendment rights. For example, County defendants contend that Plaintiffs "make the sweeping

18  conclusion, without any factual support, that 'there are insufficient medical, dental, and mental health

19  clinicians (i.e., physicians, psychiatrists, psychologists, therapists, social workers, and registered nurses)

20  to provide adequate care to over 2,300 prisoners." Mot. to dismiss, p. 6 (quoting FAC, 30). County

21  defendants contend that plaintiffs allegations are "wholly inadequate" because they provide no details

22  about how these programs are organized and failed to identify exactly which budget cuts were made.

23  In another section, County defendants argue that Plaintiffs make the "sweeping, unsupported conclusion

24  that 'prisoners commonly wait several weeks, sometimes several months, before they are evaluated by

25  clinicians for medical, mental health, or dental symptoms." Mot. Dismiss, p. 9 (quoting FAC 42).

26       In making these arguments, County defendants either ignore the specific allegations and

27  examples included in the detailed FAC, downplay them, or attempt to resolve factual issues in the

28  County defendants favor by concluding that these examples do not rise to the level of deliberate

7

indifference.  Contrary to the County defendants' assertions, however, Plaintiffs pled several detailed and specific factual allegations throughout their lengthy FAC that they suffered harm due to the County defendants' failure to provide timely or adequate health care treatment.[4]  Because the County defendants' arguments ignore the specific allegations of the FAC, draw inferences against the pleader, resolve factual questions against the non-moving party, these arguments are inapposite to a Fed. R. Civ. P. 12(b)(6) motion.

Similarly, County defendants arguments based on what they characterize as either "pure speculation" or "unsupported claims" fail.  For example, County defendants assert that it is speculative that because medical screenings are performed in a particular area that inmates, in fact, withhold information.  County defendants also argue that the use of force claims fail, because the element of causation relies on pure speculation.  County defendants challenge Plaintiffs for failing to "prove" these allegations, and draw negative inferences against the Plaintiffs related to their allegations.  At the pleading stage, however, Plaintiffs are not required to support their allegations with evidence.  In addition, what County defendants characterize as "speculation" are inferences reasonably drawn from the specific allegations in favor of the pleader.  At the pleading stage, this Court may draw inferences in favor of the pleader from the allegations.  Indeed, this Court is required to draw those references in favor of the Plaintiffs in this Fed. R. Civ. P. 12(b)(6) motion.  Accordingly, County defendants' arguments based on lack of evidentiary support or speculation fail.

County defendants also challenge the factual allegations of the complaint, consistently draw negative inferences against the non-moving party, and rely on facts not contained in the FAC to argue this Fed. R. Civ. P. 12(b)(6) motion.  The County defendants appear to be utilizing standards of review best-suited for either a motion for a preliminary injunction or Fed. R. Civ. P. 56 motion.  For example, County defendants argue that Plaintiffs' allegations that the jail's "green slip" process is inadequate, because the fact that there is a process demonstrates that there is no deliberate indifference.  Throughout

---

[4] *See, e.g.*, FAC  ¶¶12, 47, 50 (inmate suffered from severe abdominal pain, diarrhea, dehydration, and fatigue as a result of delay in providing adequate treatment for her Crohn's disease); FAC ¶42 (prisoner suffered debilitating migraine pain for six months while he waited for an evaluation from a physician); FAC ¶¶13, 43 (inmate suffered from extreme pain from an infected tooth due to County defendants' delay in providing him with adequate dental care); FAC ¶50 (inmate had to receive dialysis and almost died due to County defendants' failure to evaluate her kidney disease in a timely manner).

their reply, the County defendants fault Plaintiffs for failing to "prove" their specific allegations. Contrary to well-settled Fed. R. Civ. P. 12(b)(6) standards, this position requires this Court to ignore the allegations regarding the inadequacies of the green slip process, the alleged harm suffered by inmates as a result, and draw inferences of deliberate indifference based on those allegations. County defendants further offend these well-settled standards when, either within the body of the argument or by footnote, County defendants rely on facts outside of the FAC to support their arguments. Moreover, Plaintiffs do not have a burden of proof at the pleading stage. A motion to dismiss challenges the sufficiency of the pleading. It is does test whether Plaintiffs have evidence to support their allegations.

Finally, County defendants erroneously focus on each sub-section of allegations and each example to support those allegations as isolated incidents. County defendants argue that single examples cannot establish a policy or custom of depriving the inmates of their rise or rise to the level of establishing deliberate indifference. In using this narrow focus, however, County defendants ignore the Plaintiffs' position that all of these sub-sections of allegations, when considered together, establish the Eighth and Fourteenth Amendment violations. In class actions challenging a jail's health care system, liability may be premised on a showing of "repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff or by showing systemic or gross deficiencies in staffing facilities, equipment or procedures." *French v. Owens*, 777 F.2d 1250, 1254 (7th Cir. 1985); *see also*, *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) (A "plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded."). As set forth above, the determination of deliberate indifference is "broader and more generalized" when Plaintiffs seek only injunctive relief. The emphasis on deliberate indifference analysis is on the "combined acts or omissions" of the prison officials. *Leer*, 844 F.2d at 633. Based on these legal standards, the allegations can be considered together to support a claim of policy and procedure, not separately as isolated incidents.

The FAC pleads multiple specific examples of the serious risk of harm posed to the jail's inmates by what is alleged to be gross deficiencies in the health care provided to them by County defendants. *See, e.g.*, FAC at ¶¶8-14, 33-34, 36, 39, 41-43, 45-54, 58-61, 64, 66, 70-71, 77-78, 80-81, and 83-86. The FAC also alleges facts that County defendants knew about these excessive risks to Plaintiffs' lives and

health, but failed to take action to bring the jail in compliance with constitutional standards. *See, e.g.*, FAC at ¶¶8-9, 11-13, 28, 31, 42-43, 50-52.  Based on these allegations, this Court finds that Plaintiffs have pled sufficiently both the objective and subjective components of their Eighth and Fourteenth Amendment claims.  Accordingly, the FAC sufficiently pleads their Eighth and Fourteenth Amendment claims.

## II. Disability Discrimination Claims

Plaintiffs assert disability discrimination claims pursuant to the ADA and Section 504 of the Rehabilitation Act.  To plead sufficiently a prima facie case of disability discrimination, Plaintiffs must allege: (1) [plaintiff] is a 'qualified individual with a disability;' (2) he was either excluded from participation or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  A plaintiff bringing suit under Section 504 must allege the following: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Id*.

County defendants argue that Plaintiffs have made no allegations that are "persistent and consistent" to require injunctive relief.  County defendants fault Plaintiffs for citing "very few examples of alleged violations."  In addition, County defendants assert that inmates' rights under the ADA must be analyzed in the context of "effective prison administration." *Gates v. Rowland*, 39 F.3d 1439, 1446 (9th Cir. 1994).

County defendants again improperly attempt to resolve factual issues in their favor relying on negative inferences.  County defendants focus on one example contained in the FAC of an inmate who was denied access to his allegedly medically-necessary cane.  County defendants submit that this "cannot be considered an ADA violation" because it "is obvious that there is significant inmate safety interest in not having an inmate armed with a cane that can be used as a weapon." Mot., p. 21.  County defendants conclude that because it was not unreasonable for the jail staff to deny the request to use the cane, Plaintiffs have failed to state an ADA claim.  This is an unresolved factual issue that cannot be

1   determined at this stage. *See, e.g., Hason v. Med. Bd. of Cal*., 279 F.3d 1167, 1173 (9th Cir. 2002)

2   (district court dismissal of ADA complaint on grounds that plaintiff is not a qualified individual with

3   a disability reversed on appeal because allegations in complaint were sufficient).

4           Plaintiffs have demonstrated that they have pled sufficiently a prima facie case of disability

5   discrimination.  The FAC alleges that plaintiff Murphy has a permanent disability as a result of military

6   service, which impairs his ability to walk and climb stairs. FAC ¶¶14, 118.  The FAC further alleges that

7   the programs, services, and activities in the jail available to prisoners include visits with attorneys,

8   family and friends, use of the shower, recreation in the yard and gym, participation in the dayroom and

9   other activities. FAC ¶107.  Murphy is housed on the second tier of a two-floor module that is accessible

10  only be climbing a set of stairs.  His inability to climb these stairs safely and without pain forces him to

11  remain in his cell so that he cannot participate in these jail programs, services, and activities, solely by

12  reason of his disability. FAC ¶107.  Moreover, the FAC alleges that the County defendants denied

13  Murphy's requests for accommodation, including to be housed on the bottom tier where he would not

14  have to climb stairs and to be provided with a cane to reduce his risk of falling. FAC ¶¶14, 107.

15          Moreover, County defendants erroneously argue that to establish intentional discrimination under

16  the ADA, Plaintiffs must show that the defendants acted with deliberate indifference. Mot., p. 21.  The

17  Ninth Circuit "has never held that a plaintiff must prove an intentional violation of the ADA in order

18  to obtain an injunction mandating compliance with its provisions." *Midgett v. Tri-County Metro. Transp.*

19  *Dist*., 254 F.3d 846, 851 (9th Cir. 2001) (holding that defendant's intent is not an element of a claim for

20  injunctive relief under the ADA).  "[E]quitable remedies for violations of the ADA are available

21  regardless of intent." *Id*.  Accordingly, the County defendants' argument fails on these grounds.

22                            CONCLUSION AND ORDER

23          For the reasons discussed above, this Court DENIES the County defendants' motion to dismiss.

24  IT IS SO ORDERED.

25  **Dated:    May 16, 2012**                      /s/ Lawrence J. O'Neill
26                                                    UNITED STATES DISTRICT JUDGE

27

28

                                        11