UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN HALL, SHAWN GONZALES, SHARON CHAVEZ, ROBERT MERRYMAN, DAWN SINGH, CARLTON FIELDS, and BRIAN MURPHY, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MARGARET MIMS, Sheriff, Fresno County; EDWARD MORENO, M.D., Director, Fresno County Department of Public Health; GEORGE LAIRD, Ph.D., Division Manager, Division of Correctional Health, Fresno County Department of Public Health; PRATAP NARAYEN, M.D., Medical Director, Division of Correctional Health, Fresno County Department of Public Health; RICK HILL, Captain of Detention, Fresno County Sheriff's Office; MARILYNN WELDON, Captain of Inmate Programs and Contracts, Fresno County Sheriff's Office,<br><br>　　　　　　Defendants. | Case No. 1:11-CV-02047-LJO-BAM<br><br>**CLASS ACTION**<br><br>**ORDER ON PROTECTIVE ORDER** |

782678 v1/SD

**ORDER ON PROTECTIVE ORDER**

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

### A. CONFIDENTIAL MATERIAL AND INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

The parties shall be entitled to designate in good faith which discovery responses are confidential. The criteria for such a designation shall be whether a party believes in good faith that the information is entitled to protection from disclosure under federal and California state law, including but not limited to the names and numbers of prisoners, information that might compromise the safety or security of a prison or prisoner, and protected health information as defined by the Health Insurance Portability and Accountability Act, 45 CFR § 160.103.

### B. CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS

**1.** Any party may designate discovery responses, documents produced in discovery, or deposition transcripts as confidential by producing such documents on pink or lilac-colored paper, by stamping them as "confidential" on their face, by watermarking them, or by other mutually agreeable means. If a party does not indicate that a particular Document is confidential at the time it is produced, it will be presumed not confidential, without prejudice to the party's right to assert confidentiality at a later time.

**2.** Plaintiffs' counsel is prohibited from disclosing any confidential documents or information to Plaintiffs, any other prisoner presently or previously in the custody of the Fresno County Jail ("FCJ"), any relatives or associates of a prisoner presently or previously in the custody of the FCJ, or any other member of the public, except as described in Paragraph 3 below.

**3.** Unless the Court Orders otherwise, confidential documents and the information contained therein may be disclosed only to the following persons:

    a. Counsel of record;

    b. Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

    c. Court personnel, stenographic reporters, and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

    d. Any outside expert or consultant retained by the parties for purposes of this litigation;

    e. Non-prisoner witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order by executing Exhibit "A," attached to the parties' stipulation (Doc. 48);

    f. Any person expressly named and agreed to in writing by the parties.

    g. Notwithstanding the foregoing, protected health information may be disclosed to the person about whose health the information refers.

   **4.** With the exception of disclosure pursuant to ¶ 3(g) above, each person to whom the parties' counsel discloses confidential information shall, prior to the time of disclosure, be provided with a written notice. The notice shall specify that the documents and information shall not be disclosed except as provided herein, that the documents and information are subject to this protective order in the United States District Court for the Eastern District of California, and that a violation of the confidentiality provisions may lead to enforcement action, including, but not limited to, any proceeding for civil or criminal contempt.

   **5.** Plaintiffs' and Defendants' counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of this litigation, including appeals. Plaintiffs' and Defendants' counsel are responsible to ensure that these individuals comply with this protective order.

   **6.** At the conclusion of this litigation, including appeals, all confidential documents, including copies, shall be destroyed or returned to the producing party, at the producing party's discretion.

   **7.** All confidential documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation.

   **8.** All confidential documents that are filed with the Court shall be filed with a request to seal documents in accordance with Eastern District of California Local Rule 141. Upon failure of the filing party to file confidential documents under seal in accordance with Local Rule 141, any party may request that the Court place the document under seal.

   **9.** Nothing in this protective order is intended to prevent officials or employees of the County of Fresno, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

   **10.** The provisions of this protective order are without prejudice to the right of any party:

   a. To apply to the Court for a further protective order relating to any confidential documents or material, or relating to discovery in this litigation;

   b. To apply to the Court for an order removing the confidential material designation from any documents; or

   c. To object to a discovery request.

   **11.** This Protective Order shall be binding on the parties as of the date it is signed by the parties. The provisions of this order shall remain in full force and effect until further order of this Court.

  **C.** **HANDLING OF CONFIDENTIAL DOCUMENTS AT TRIAL**

 To the extent any party seeks to use documents designated as "confidential" as exhibits at trial, the parties shall meet and confer in an attempt to obtain agreement regarding the handling of

such materials during trial, and either party may petition the court for a resolution of this matter, as provided in Local Rule 141.1(b)(2).

IT IS SO STIPULATED:

                                COOLEY LLP

Dated: November 5, 2012              /s/ Maureen P. Alger
                                By:  (as authorized on November 5, 2012
                                MAUREEN P. ALGER
                                MARY KATHRYN KELLEY
                                Attorneys for Plaintiffs


                                PRISON LAW OFFICE

Dated: November 5, 2012              /s/ Donald Spector
                                By:  (as authorized on November 5, 2012
                                DONALD SPECTER
                                KELLY KNAPP
                                Attorneys for Plaintiffs


                                DISABILITY RIGHTS CALIFORNIA

Dated: November 5, 2012              /s/ Melinda Bird
                                By:  (as authorized on November 5, 2012
                                MELINDA BIRD
                                Attorneys for Plaintiffs


                                MCCORMICK BARSTOW LLP

Dated: November 5, 2012              /s/ Adam B. Stirrup
                                By:  (as authorized on November 5, 2012
                                MICHAEL G. WOODS
                                ADAM B. STIRRUP
                                Attorneys for Defendants

**ORDER**

The above Stipulation for the parties' Protective Order is approved.

IT IS SO ORDERED.

Dated: __**November 7, 2012**__        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE