DONALD SPECTER (SBN 83925)
KELLY KNAPP (SBN 252013)
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704

MAUREEN P. ALGER (SBN 208522)
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000

ATTORNEYS FOR PLAINTIFFS
**[ADDITIONAL COUNSEL LISTED ON NEXT PAGE]**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN HALL, SHAWN GONZALES, ROBERT MERRYMAN, DAWN SINGH, and BRIAN MURPHY, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>  v.<br>COUNTY OF FRESNO<br>  Defendant. | Case No. 1:11-CV-02047-LJO-BAM<br><br>**CLASS ACTION**<br><br>**PROTECTIVE ORDER** |

MARY KATHRYN KELLEY (SBN 170259)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 490-6000

MELINDA BIRD (SBN 102236)
AGNES WILLIAMS (SBN 143532)
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 209
Los Angeles, CA 90017
Telephone:  (213) 213-8000
Fax: (213) 213-8001

**[ADDITIONAL COUNSEL LISTED ON CAPTION PAGE]**

WHEREAS the parties, through counsel, agree that a protective order is necessary to protect the confidentiality of documents and other information produced or disclosed in this action; and

WHEREAS, the parties agree that good cause exists for the entry of this Protective Order because certain records produced or disclosed in this action contain Protected Health Information and/or security information of prisoners detained in the Fresno County Jail.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the parties hereto, through their respective counsel of record, that the following provisions shall apply:

1. "Protected Health Information" (hereinafter "PHI") is defined by the Health Insurance Portability and Accountability Act, 45 CFR §160.103.

2. "Security information" is defined as any records maintained in an individual prisoner's custody file, including but not limited to incident reports and housing classification documents, as well as any records that are designated by defendant as threatening jail safety and/or security if disclosed without protective conditions.

3. "Proprietary Information" is defined as any information that constitutes trade secret or is otherwise competitively or commercially sensitive.

4. All PHI, security information, or proprietary information produced by defendant in this action shall be regarded as confidential and subject to the Protective Order. Such material is hereinafter referred to as "confidential material."

5. Any party that produces documents containing confidential material, shall mark the document, or portions thereof containing confidential material as "Confidential Material – Subject to Protective Order."

6. The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Material" – Subject to Protective Order."

7. Any confidential information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This

document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file confidential information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 141 shall be followed.

8. Confidential information shall be used solely in connection with this action, and shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, for any other purpose without agreement between the parties, except that PHI may be used without limitation with the consent of the prisoner concerned. All confidential information shall be stored in a secure location. Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 9 below.

9. Confidential information received from the opposing party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

a. Fresno County Counsel and counsel of record for the parties, and any of their employees, representatives, or agents who are assisting such counsel in this action;

b. The Court and court personnel;

c. The Court's experts appointed in this action pursuant to Rule 706 of the Federal Rules of Evidence;

d. Stenographic reporters engaged in any proceedings;

e. All experts and consultants retained by the parties;

f. Witnesses to whom confidential information may be disclosed during a deposition taken in this action. Such witnesses may not leave the deposition with copies of any confidential information unless it is their own confidential information; and

g. Any person expressly named and agreed to in writing by counsel for the parties.

10. Except to the extent otherwise permitted by this Protective Order, every qualified person provided copies of or access to confidential information pursuant to this Order shall keep

all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such confidential information, except as permitted by this Order.

11. If any counsel of record distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel of record at the completion of a qualified person's consultation or representation in this case. That counsel of record shall, upon request by opposing counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of counsel's knowledge, been returned as required.

12. After the termination of this action by entry of a final judgment or order of dismissal, and any appeal, the provisions of this Protective Order shall continue to be binding. The terms of this Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by Rules of Professional Conduct in this jurisdiction). The terms of this Protective Order may be enforced by specific performance in the United States District Court for the Eastern District of California (Fresno Division). Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), each party shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all persons hired or retained by plaintiff to assist in connection with this litigation.

13. Nothing in this order is intended to prevent Defendant or its employees or agents from having access to confidential information to which they have access in the normal course of their official duties.

14. If a party inadvertently produces confidential information without the required label, the producing party shall inform the receiving party in writing and the specific material at issue immediately upon discovering the inadvertent production. Likewise, if a receiving party contends that confidential information was produced without the required label, the receiving party shall inform the producing party in writing and the specific material at issue upon discovering the failure to label the information. Upon receipt of notice, all parties shall treat the material identified in the notice as confidential unless and until this Court enters an order stating that the document shall not be treated as confidential information.

15. If a receiving party contends that any document has been erroneously or improperly designated confidential, it shall treat the document as confidential unless and until this Court enters an order stating that the document shall not be treated as confidential information.

16. The inadvertent or unintentional disclosure by the producing party of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall return or destroy the inadvertently produced materials within five (5) Court days of the request, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production of such information including on the grounds that such production was not inadvertent or unintentional. However, the inadvertent production of privileged or otherwise protected materials cannot be a basis for seeking production.

17. The substance of an individual's written or oral testimony, or the fact that an individual has testified to or provided information during the discovery process, may not be used against the person for disciplinary purposes or to otherwise intimidate or retaliate against the individual. This applies to all persons, including but not limited to current and former Fresno

County Sheriff's Department and Fresno County Department of Public Health staff and contractors, and prisoners in the Fresno County Jail.

18. This Protective Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

19. By producing documents for review and inspection, the parties do not waive any objections to relevance to the admissibility at trial of any such document or of any information contained in any such document.

20. The provisions of this order are without prejudice to the right of any party: a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the confidential information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

21. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

22. This order does not govern trial or other public proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other public proceedings.

23. The provisions of this order shall remain in full force and effect until further order of this Court.

# EXHIBIT A

I, _____, have read the Protective Order in *Hall v. County of Fresno,* Case No. 1:11-CV-02047-LJO-BAM). I understand and agree to be bound by and abide by its terms. I agree that all information provided to me in this matter is to be treated as confidential. I further consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of any proceeding relating to the enforcement of this Order, including, without limitation, any proceeding for contempt.

Date:

_____
Signature

_____
Printed Name

3424846.1

**ORDER**

The Stipulated Protective Order, Doc. 117, is APPROVED.

IT IS SO ORDERED.

Dated: **June 2, 2015**         /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE

7

**PROTECTIVE ORDER**