UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN HALL, SHAWN GONZALES, ROBERT MERRYMAN, DAWN SINGH, and BRIAN MURPHY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO<br><br>Defendant. | No. 1:11-CV-02047-LJO-BAM<br><br>**ORDER GRANTING JOINT REQUEST TO SEAL DOCUMENTS**<br><br>**DIRECTING CLERK TO FILE DOCUMENTS UNDER SEAL** |

The parties jointly move for an order directing the clerk to file under seal the expert reports prepared for the parties for purposes of the settlement negotiations. Specifically, the parties request to seal the expert reports of (1) Dr. Michael Puisis regarding Fresno County Jail's medical program, (2) Richard Hayward, Ph.D., regarding Fresno County Jail's mental health program, (3) David Rardin, regarding Fresno County Jail's Operations Review, and (4) Disability Rights California, regarding Fresno County Jail's ADA procedures and practices. The reports have been consecutively paginated with Bates numbers "Hall Expert Reports-000001" through "Hall Expert Reports-000132."

The Ninth Circuit has comprehensively examined the common law right of public access to judicial files and records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir.2006). In *Kamakana*, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery, and materials produced or presented in relation to dispositive motions. *Id.* at 1180–81. According to the court, two standards apply to account for

these interests when evaluating requests to seal such materials. A party seeking to seal "private materials unearthed during discovery," or to maintain the sealing of such materials when attached to non-dispositive motions, need only demonstrate "good cause" to justify sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.2010).

A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana*, 447 F.3d at 1179. Here, the expert reports are submitted as part of the Court's approval of the class settlement. The Court finds that approval of the parties' settlement agreement is a dispositive motion and there must be a "compelling reason" to keep the materials under seal. *See Kamakana*, 447 F.3d at 1178–1180; *M.P. ex rel. Provins v. Lowe's Companies*, Inc., 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying "compelling reasons" standard related to a minor's settlement because an order approving settlement is dispositive). *Select Portfolio Servicing v. Valentino*, No. 12–cv–0334 SI, 2013 WL 1800039, at *2–3 (N.D. Cal. Apr.29, 2013) (observing that district courts in this circuit differ on whether a motion to approve a settlement agreement that releases parties from a case is dispositive or non-dispositive for sealing purposes). Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Kamakana*, 447 F.3d at 1178–79; *see also Pintos*, 605 F.3d at 679 & n. 6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal. . ." *Kamakana*, 447 F.3d at 1179.

After reviewing the documents in question, and in light of the entirety of proceedings in this case, the Court finds compelling reason to file the expert reports under seal. The Court has considered the reasons for disclosing the requested sealed records and the need for public access to judicial records. The Court is cognizant that this case involves a public entity's management of its jail facility, and in a normal case, such information should be public information on the Court's docket, if filed with a dispositive motion.

In this situation, however, the interest in fostering settlement of such a complex case necessitates sealing the documents and outweighs the public policy of disclosure. From the beginning of the case, the parties, rather than take the typical litigation adversarial posture, elected to work cooperatively together to achieve the best results for the jail population, in light of the claims alleged, and to keep costs and expenses while doing so down. Rather than use the adversarial system, which permits each side to select its own expert witnesses, the parties elected to work together. The parties jointly selected experts for a thorough evaluation of jail conditions, resulting in the free-flow of information, with an eye towards correction of identified issues. The parties worked in a non-adversarial nature, with the agreement and expectation that preliminary findings would be subject to confidentiality. Each of the expert reports contains information about internal, confidential or security processes. The reports were prepared as part of the extended settlement negotiations, which were monitored through all stages by the Court. Throughout extended negotiations, as various jail issues were discussed, the Court has been involved, informed, and monitored these settlement negotiations. The parties jointly selected the experts to provide confidential information to candidly assess deficiencies in the jail system for the purpose of negotiating the settlement, inform the Court of such deficiencies and methods of correction, and to provide a factual framework for the development of the settlement agreement. The Court finds that this type of settlement-driven, cooperative conduct, which ultimately inured to the public benefit, should be encouraged.

At issue in deciding whether to seal the expert reports is the competing public policy interests: the interest in fostering efficient and effective settlement and resolution of complex litigation versus the interest in public disclosure of judicial documents. Public disclosure would undermine the confidential nature of the settlement discussions which led to the ultimate settlement and jeopardized the unique, nonadversarial method counsel and the parties undertook to reach settlement.

Further, the Court finds that any harm from sealing the expert reports is mitigated in this case. The final settlement, terms of the settlement, and detailed remedial plan are filed in the docket and the public is informed of the monetary and nonmonetary resolution of this long-

running case. The balance of interest tips in favor of sealing, and the Court finds compelling reason to file the documents under seal.

## CONCLUSION

The motion to seal is GRANTED as a compelling reason has been found to preserve the confidentiality of (1) Dr. Michael Puisis regarding Fresno County Jail's medical program, (2) Richard Hayward, Ph.D., regarding Fresno County Jail's mental health program, (3) David Rardin, regarding Fresno County Jail's Operations Review, and (4) Disability Rights California, regarding Fresno County Jail's ADA procedures and practices.

The Clerk is directed to file under seal All Expert Reports Bates Numbered (Bates numbers "Hall Expert Reports-000001" through "Hall Expert Reports-000132.")

IT IS SO ORDERED.

Dated: **June 8, 2015**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE