DONALD SPECTER (SBN 83925)
KELLY KNAPP (SBN 252013)
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704

MAUREEN P. ALGER (SBN 208522)
MONIQUE R. SHERMAN (SBN 227494)
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000

ATTORNEYS FOR PLAINTIFFS
[ADDITIONAL COUNSEL LISTED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN HALL, SHAWN GONZALES, ROBERT MERRYMAN, DAWN SINGH, and BRIAN MURPHY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF FRESNO <br><br> Defendants. | Case No. 1:11-CV-02047-LJO-BAM <br><br> CLASS ACTION <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL** |

MARY KATHRYN KELLEY (SBN 170259)
SHANNON SORRELLS (SBN 278492)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 490-6000

MELINDA BIRD (SBN 102236)
MONISHA COELHO (SBN 219233)
AGNES WILLIAMS (SBN 143532)
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 209
Los Angeles, CA 90017
Telephone: (213) 213-8000
Fax: (213) 213-8001

[ADDITIONAL COUNSEL LISTED ON CAPTION PAGE]

Plaintiffs in this action, Quentin Hall, et al., and a class consisting of all prisoners who are now, or will in the future be, confined in the Fresno County Jail allege that conditions in the Jail violate the Eighth and Fourteenth Amendments of the United States Constitution and the Americans with Disabilities Act. Plaintiffs claim that they are entitled to injunctive relief to address their claims.

On May 28, 2015, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement stating that the parties have entered into a Consent Decree which would settle all claims in this case. (Doc. 112). The parties have submitted a proposed Notice to the Class, as well as a proposed an acceptable distribution of the notice to the plaintiff class. On June 4, 2015, the Magistrate Judge held a hearing and ordered supplemental briefing and modifications to the preliminary settlement agreement. (Doc. 121). The parties filed the supplemental materials and amendments on June 17, 2015.

Having reviewed the Joint Motion for Preliminary Approval of Class Action Settlement and Supplemental Brief, along with the Consent Decree and supporting documents, on July 1, 2015, the Magistrate Judge issued Findings and Recommendations recommending that the Motion for Preliminary Approval of the Class Action Settlement be granted. (Doc. 129). The Findings and Recommendations were served on all of the parties with instructions that any objections must be filed within fourteen (14) days. Both parties have filed statements of non-opposition to the Findings and Recommendations. (Doc. 130).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis. Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations dated July 1, 2015.  (Doc. 129), are ADOPTED IN FULL. The Motion for Preliminary Approval of Class Settlement is GRANTED, subject to the following findings and orders:

1. A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Court finds that this standard is met in this case, as the Consent Decree and Remedial Plan are the product of arms-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation. Throughout extended negotiations, as various jail issues were discussed, the Court has been involved, informed, and monitored these settlement negotiations. It appears to the Court that the Consent Decree and Remedial Plan are fair, adequate and reasonable as to all potential class members, when balanced against the probable outcome of further litigation and the complexity of the issues involved.

2. The Court finds that the proposed settlement class, as defined above, meets the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a). The numerosity requirement is fulfilled because there are approximately 2,700 class members. The commonality requirement is fulfilled because the Class presents common questions of law and fact arising out of Defendant's system-wide practices that present a risk of harm and discriminatory treatment to all prisoners in the Fresno jails. The typicality requirement is fulfilled because Plaintiffs' claims arise from the same policies and procedures similarly impacting all class members. The adequacy requirement is met because Plaintiffs will fairly and adequately represent the interests of the Class and counsel is experied class counsel knowledgeable in the applicable areas of the law.

3. The Court finds that the requirements of Rule 23(b)(2) are met because this action seeks declaratory and injunctive relief against policies and practices that risk harm and discriminatory treatment to the Class.

4. The Court finds that the Consent Decree meets the requirements of 18 U.S.C. § 3626(a)(1).  The Consent Decree attached hereto is granted preliminary approval and incorporated by reference herein, subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the Consent Decree.

5. Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties, and finds that the proposed method of disseminating the Class Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances.  Within three days of the adoption of these Findings and Recommendations, the parties are directed to prepare a final version of the Notice, incorporating the dates set forth in this Order.

6. No later than August 7, 2015, the County is directed to post the Notice in English and Spanish in all housing units in such a manner as to make the notice visible to all prisoners.  The County shall hand deliver a copy of the Notice to each prisoner in restricted housing, which shall include 2D, FF cells, A pods and any other housing unit on lockdown.  The Notice shall be posted and delivered until the date of the fairness hearing.

7.  Until the date of the fairness hearing the County is also directed to provide a copy of this Order, the full Consent Decree, the Remedial Plan and Plaintiffs' motion for attorney fees to prisoners who complete an inmate request form and request the documents from the Inmate Programs Manager.  Defendant must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this order.

8.  The Court appoints the Prison Law Office as class counsel.

9. A Fairness Hearing shall take place at 3:00 p.m. on September 28, 2015 at the United States District Court for the Eastern District of California, United States Courthouse, 2500 Tulare Street, Courtroom 8, Fresno, CA 93721, to determine whether the proposed settlement of this action on the terms and conditions provided for in the

Consent Decree is fair, reasonable, and adequate and should be finally approved by the Court.  The hearing may be continued from time to time without further notice to the class. Any further briefing from the parties in advance of the hearing shall be filed no later than September 21, 2015.

10. Any member of the class may enter an appearance on his or her own behalf in this action through that class member's own attorney (at their own expense), but need not do so.  Class members who do not enter an appearance through their own attorneys will be represented by class counsel. Alternatively, any member of the class may write to the federal court about whether the settlement is fair. The federal court will consider written communications when deciding whether to approve the settlement. Comments regarding the fairness of the settlement must include at the top of the first page the case name (Hall v. Fresno.) and the case number 1:11-CV-02047-LJO-BAM. A written comment must contain the author's full name and must include all objections and the reasons for them, must include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and must be signed by the Class Member. A Class Member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing. Comments must be postmarked by September 8, 2015, and must be sent to the following address:

Clerk of the Court
United States District Court
Eastern District of California
2500 Tulare Street, Room 1501
Fresno, CA 93721

The Notice to Class members shall highlight the date, September 8, 2015, by which comments must be postmarked.

11. Consistent with the Consent Decree, the Plaintiff shall file a status report semi-annually with the Court regarding implementation of the Remedial Plan.

IT IS SO ORDERED.

Dated:   **July 21, 2015**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE