UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN HALL, et al., | 1:11-cv-2047-LJO-BAM |
| Plaintiffs, | ORDER FOR SUPPLEMENTAL BRIEFING |
| v. | |
| COUNTY OF FRESNO, | |
| Defendant. | |

Dominic Hanna ("Hanna") moved to intervene in order to move to unseal records in this closed class action case. *See* Docs. 177, 188. Specifically, Hanna moves to unseal expert reports filed in connection with the parties' motion for approval of the parties' settlement/consent decree ("settlement motion"). *See* Doc. 177. The Magistrate Judge denied Hanna's motion to unseal and therefore denied as moot his motion to intervene. Doc. 188. Hanna now moves for reconsideration of that order. Doc. 189. Defendant County of Fresno ("the County") timely opposed Hanna's motion for reconsideration. Doc. 190.

The Court has conducted a thorough review of the parties' briefs and the relevant record. The Court finds that supplemental briefing is necessary to rule on Hanna's motion. As the Magistrate Judge has found correctly, the County must show "good cause" to keep records associated with a non-dispositive motion under seal, but must show "compelling reasons" to keep records associated with a dispositive motion under seal. *See* Doc. 188 at 6; Doc. 123 at 2-3. The Magistrate Judge has also found that the parties' settlement motion is a dispositive motion and, accordingly, the "compelling reasons" standard applied to determine whether the expert reports should be sealed. Doc. 123 at 2 ("The Court finds that approval of the parties' settlement agreement is a dispositive motion and there must be a

'compelling reason' to keep the materials under seal." (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir.2006)).

The County does not mention the required "compelling reasons" in its opposition to Hanna's motion for reconsideration. *See* Doc. 190 at 1-6. The County argues, however, that (1) the "good cause" standard applies and (2) that it has met its burden under that standard to keep the expert reports under seal. *See id.* at 1. It is thus unclear whether the County is disputing the Magistrate Judge's findings that the parties' settlement motion is a dispositive motion to which the compelling reasons standard applies.

The Court therefore requests further briefing from the County. The County is directed to file a brief, not to exceed ten pages, on or before January 15, 2016, answering the following questions:

1. Is the parties' settlement motion a "dispositive motion" for sealing purposes?[1]
2. Under Ninth Circuit precedent (or, if necessary, out-of-circuit precedent), what constitutes "compelling reasons" to keep records under seal?
3. What "compelling reasons" exist here to keep the expert reports under seal?

Hanna may file a responsive brief, not to exceed ten pages, within seven days after the County has filed its brief. Unless and until ordered otherwise, no replies are authorized.

IT IS SO ORDERED.

Dated:   **January 8, 2016**           /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[1] After conducting preliminary research, the Court is certain the parties' motion is properly viewed as a "dispositive motion." But, in an abundance of caution, the Court will consider the County's arguments to the contrary, if any. Given that the compelling reasons standard imposes a higher burden than the good cause standard, the County's responses to question (3) necessarily will suffice to satisfy the good cause standard, if the Court finds that standard applies. *See Kamakana*, 447 F.3d at 1179-80. As such, the County is directed not to provide any argument as to what qualifies as "good cause" and whether it exists here.

2